RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE ✕/ //  /  //

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SITARAM, INC. | CIVIL ACTION NO. 09-1513 |
| VERSUS | JUDGE ROBERT G. JAMES |
| NEW HAMPSHIRE INSURANCE CO. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court are a Motion for Partial Summary Judgment [Doc. No. 20] filed by Plaintiff Sitaram, Inc. and a Motion for Summary Judgment [Doc. No. 18] filed by Defendant New Hampshire Insurance Company. For the following reasons, Plaintiff's motion is DENIED, Defendant's motion is GRANTED, and this case is DISMISSED WITH PREJUDICE.

I.  FACTUAL AND PROCEDURAL HISTORY

This case arises out of a standard flood insurance policy ("SFIP") and flood damage to Plaintiff's property.

Plaintiff's property consists of three freestanding buildings, including a "17 unit motel building," a "restaurant building," and an "office building," all of which are located at 4198 Front Street in Winnsboro, Louisiana.

In February 2004, Plaintiff applied for a SFIP through the Bryan Insurance Agency ("Bryan") in accordance with the National Flood Insurance Program ("NFIP"). Plaintiff submits evidence that Bryan knew Plaintiff owned and sought flood insurance for all three buildings. Bryan secured Plaintiff a SFIP issued by a "Write Your Own" ("WYO") insurer called Audubon Insurance Group

("Audubon").[1] Audubon renewed Plaintiff's SFIP in 2005, 2006, and 2007. In February 2008, Defendant, also a WYO insurer, renewed Plaintiff's SFIP.[2] The SFIP had a coverage limit of $500,000 for the insured property and a $100,000 coverage limit for the insured property's contents.

On September 1, 2008, Hurricane Gustav caused damage to all three buildings. Plaintiff alleges that the total damages to all three buildings and their contents were approximately $600,000.

In response to Plaintiff's claim, Defendant denied that the SFIP covered the restaurant and office buildings and their contents. Defendant, however, did make advance payments of $25,000 for damages to the 17 unit motel building and $25,000 for its contents. Thereafter, Defendant made "final payments of $201,155.77 for damages to the [17 unit motel building] and $26,642.24 for damage to [its] contents." [Doc. No. 24-1].

On August 31, 2009, Plaintiff filed suit against Defendant in this Court. Plaintiff alleges that all three buildings and their contents were insured by the SFIP and that Defendant owes it money for flood damage to the office and restaurant buildings and their contents.

On December 10, 2010, Defendant filed a Motion for Summary Judgment. [Doc. No. 18]. On December 30, 2010, Plaintiff filed a Motion for Partial Summary Judgment. [Doc. No. 20]. Both parties filed responses and replies. [Doc. Nos. 20, 24, 25, & 26].

---

[1]"SFIPs may be purchased either directly from the Federal Emergency Management Agency ("FEMA") or through private insurers. Private insurers offering these policies are called [WYO] companies and act as fiscal agents of the United States." *Dwyer v. Fidelity Nat'l Prop. and Cas. Ins. Co.*, 565 F.3d 284, 285 (5th Cir. 2009) (citations omitted).

[2]Plaintiff alleges that the SFIP was issued "through" Bryan. Defendant contends that Bryan "acted for Plaintiff" in renewing the SFIP for the 2008 policy year.

## II. LAW AND ANALYSIS

### A. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. SFIP

Defendant asserts that Plaintiff's claims fail because the office and restaurant buildings and their contents were not insured under the SFIP. Plaintiff argues that the SFIP "does not unambiguously exclude coverage for all three (3) buildings and that coverage should be found for

all buildings." [Doc. No. 20-2].

"Federal law governs disputes over coverage arising under the National Flood Insurance Act of 1968." *Hanover Bldg. Materials, Inc. v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984) (citation omitted). Federal law "draw[s] upon standard insurance law principals." *Id.* (citation and internal quotation marks omitted).

> The first is that, "if the language of a policy is clear and unambiguous, it should be accorded its natural meaning." *Landress Auto Wrecking Company, Inc. v. United States Fidelity & Guaranty Company*, 696 F.2d 1290, 1292 (5th Cir. 1983). The second is that, "if the meaning of a policy provision is doubtful and the language used is susceptible of different constructions, the one most favorable to the insured is adopted." *Eagle Leasing Corporation v. Hartford Fire Ins. Co.*, 540 F.2d 1257, 1261 (5th Cir. 1976). The third is that the rule favoring the insured where ambiguity exists "should not be applied automatically: '[I]nsurance contracts are to be reasonably construed consonant with the apparent objective and intent of the parties.' *Id.* at 1262, quoting *Baltimore Bank & Trust Company v. United States Fidelity & Guaranty Company*, 436 F.2d 743, 746 (8th Cir.1971). The fourth principle is that, "[i]n deciding what a reasonable construction of the contested provisions is, the material we may draw from consists of those provisions, the policy as a whole, and the apparent objectives of the parties in establishing this kind of contractual relationship." *Eagle Leasing, supra*, 540 F.2d at 1262. The final principle relevant here is that, "[i]f the meaning of the policy terms remains [in the end] unclear, the policy is generally construed in favor of the insured in order to promote the policy's objective of providing coverage." *Eagle-Pitcher Industries, Inc. v. Liberty Mutual Insurance Company*, 682 F.2d 12, 17 (1st Cir. 1982).

*Id.*

First, the SFIP is clear and unambiguous that only one building is insured. While the "insured property address" listed on the Declarations Page does not state that only one building is insured, other parts of the SFIP do. For example, Section II(B)(20) of the SFIP states, "Only one building, which you specifically described in the application, may be insured under this policy," and Plaintiff's Application twice states, "ONE BUILDING PER POLICY - BLANKET COVERAGE[] NOT PERMITTED." [Doc. Nos. 18-3 & 18-5].

4

Second, the SFIP is clear and unambiguous that it insures the 17 unit motel building and its contents and not the office or restaurant buildings and their contents. The SFIP states, in pertinent part, "We insure against direct physical loss by or from flood to: 1. The building described on the Declarations Page at the described location." [Doc. No. 18-5]. The SFIP defines "described location" as "[t]he location where the insured building or personal property are found. The described location is shown on the Declarations Page." *Id.* The Declarations Page does not state where the "described location" is, but lists the "insured property address" as "**MOTEL - ONE-STORY**[,] 4198 FRONT ST[.,] WINNSBORO, LA 71295-4141". [Doc. No. 18-4 (emphasis added)]. The Declarations Page also states under "BUILDING DESCRIPTION" that the insured property is "Non-Residential," "One Floor," and has "No Basement." *Id.* The SFIP defines "building" as, among other things, "[a] structure with two or more outside rigid walls and a fully secured roof, that is affixed to a permanent site." [Doc. No. 18-5]. While all three buildings fit the "building description" and fall within the SFIP's definition of "Building," only the 17 unit motel building falls within the plain meaning of a one-story motel. Therefore, the SFIP insures the 17 unit motel building and not the office or restaurant buildings.

Plaintiff cites *Dean Blanchard Seafood, Inc. v. Acadian Ins. Servs.* for the proposition that the SFIP is ambiguous, that all three buildings are insured by the SFIP, and that, because Plaintiff allegedly sought, acquired, and paid premiums for coverage to all three buildings, the Court should construe the SFIP to provide coverage for all three buildings. 616 F.Supp. 2d 612 (E.D. La. 2008). However, *Dean Blanchard* is nonbinding and distinguishable.

In *Dean Blanchard*, an insured sued a WYO seeking coverage under a SFIP for flood damage to a building whose foundation extended partly over land and partly over water. *Id.* at 613-14.

"[T]he SFIP exclude[d] coverage for '[a] building, and personal property in it, located **entirely** in, on, or over water or seaward of mean high tide.'" *Id.* at 613 (emphasis in original). "The building at issue consist[ed] of a construction with exterior walls and a roof built on a concrete slab. The concrete slab [was] located partly on land and partly over water. While the concrete slab [sat] in part on dry land, the exterior walls of the building [were] approximately ten feet on the water side of the bulkhead over which the concrete slab extend[ed]." *Id.* at 614. "The crux of the parties' arguments [was] whether the underlying concrete slab, which [extended] over both land and water, constitute[d] an integral part of the 'structure' of the building, such that the fact that the slab itself is partially over land renders the whole 'building' not 'entirely' over water." *Id.* The Court held that what constitutes a structure and a building under the SFIP was ambiguous and that the "ambiguity [was] apparent on the facts of [the] case given that [the plaintiff] sought, acquired, and paid premiums on an SFIP covering the facility that [the WYO] claim[ed] should not be covered because it [was] 'entirely . . . over water.'" *Id.* at 621. Given the ambiguity in the SFIP, the court construed the SFIP against the WYO and held that the building was insured. *Id.*

In this case, there is no dispute that the 17 unit motel, office, and restaurant buildings are three separate buildings. Furthermore, Defendant admits that the 17 unit motel building was insured under the SFIP and has compensated Plaintiff for the damages sustained to the building and its contents. Finally, the Court has already held that the SFIP is clear and unambiguous and did not insure the office and restaurant buildings, and this case does not involve denial of a claim based on an exclusionary clause in a SFIP.

Plaintiff argues, in the alternative, that Defendant should be estopped from denying coverage to Plaintiff's restaurant and office buildings and their contents because of Bryan's knowledge and

6

conduct during its procurement of the SFIP that Plaintiff was seeking coverage for all three buildings.

Even assuming Bryan's knowledge and conduct is imputable to Defendant, the use of the doctrine of equitable estoppel is not appropriate in this case. "An SFIP issued under the NFIP is a regulation of FEMA, stating the conditions under which federal flood-insurance funds may be disbursed to eligible policyholders." *Dean Blanchard*, 616 F.Supp.2d at 616 (internal citations and quotation marks omitted). "Payments on SFIP claims come ultimately from the federal treasury." *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005) (citation omitted). "When federal funds are involved, the judiciary is powerless to uphold a claim of estoppel because such a holding would encroach upon the appropriation power granted exclusively to Congress by the Consitution." *Id.* at 387 (quoting *Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1998)). The doctrine of equitable estoppel is not only inapplicable based on the actions of a government employee, but also to claims against "WYOs, because SFIPs are ultimately supported by federal funds." *Id.* As a result, an insured cannot rely upon the representation of an agency or a WYO insurer concerning the terms of a SFIP. *Id.* at 387-88. Defendant in this case is a WYO insurer, and Plaintiff's claim is for proceeds under a SFIP. Therefore, Defendant cannot be estopped from denying coverage to Plaintiff's restaurant and office buildings and their contents.

Finally, Plaintiff argues that its state law claims related to the procurement of flood insurance or based on estoppel are not preempted under the Fifth Circuit's holdings in *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005), and *Campo v. Allstate Ins. Co.*, 562 F.3d 751 (5th Cir. 2009). Even if the state law claims are not preempted, Plaintiff cannot claim that it reasonably relied on the representations of Bryan because "the special nature of the insurance relationship in this case charges

the insured with the duty of understanding the terms of the SFIP so that he may deal appropriately with the government and its appointed agents." *Richmond Printing LLC v. Dir. Fed. Emergency Mgmt. Agency*, 72 Fed.App'x 92, 98 (5th Cir. 2003). Plaintiff, therefore, had a duty to read and understand the terms of its SFIP. *Id.* Knowledge of the terms of the SFIP defeat any claims related to the procurement of coverage or based on estoppel.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment [Doc. No. 20] is DENIED, Defendant's Motion for Summary Judgment [Doc. No. 18] is GRANTED, and this case is DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 11 day of February, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE